# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

PAUL KIRK,

        Plaintiff,

    v.

TOYS "R" US, and DOES 1 through 20, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:09-cv-00446  GSA

SCHEDULING ORDER (Fed.R.Civ.P 16)

Discovery Deadlines:
    Initial Disclosures: June 26, 2009
    Non-Expert: December 30, 2009
    Expert Disclosure: November 30, 2009
    Supp.Expert Discl: December 15, 2009
    Expert Discovery: January 29, 2010

Motion Deadlines:
    Non-Dispositive: February 5, 2010
    Dispositive: April 2, 2010

Pre-Trial Conference:
    May 6, 2010 at 9:30 a.m.
    Courtroom 10 (GSA), 6th Floor

Trial:   July 27, 2010 at 9:00 a.m.
    Courtroom 10 (GSA), 6th Floor
    5-7 Day Jury Trial

Settlement Conference:
    Not yet scheduled

**I.**          **Date of Scheduling Conference**

       May 12, 2009.

1

II.  **Appearances of Counsel**

 K. Poncho Baker telephonically appeared on behalf of Plaintiff Paul Kirk.

Mark S. Askanas telephonically appeared on behalf of Defendant Toys "R" Us-Delaware, Inc.

III.  **Summary of Pleadings**

1.      Complaint.  Plaintiff alleges three claims for relief arising from his prior employment with Defendant.  These claims include:

(1) Disability Discrimination - Cal. Gov't Code § 12940(a);

(2) Failure to engage in good faith interactive process and failure to accommodate - Cal. Gov't Code §§12940(m)(n); and

(3) wrongful termination - violation of public policy.

2.      Answer.  Defendant filed a general denial to Plaintiff's Complaint and asserted twenty affirmative defenses.

3.      SUMMARY OF CONTESTED/UNCONTESTED FACTS

It is uncontested that Defendant was the former employer of Plaintiff Paul Kirk and Plaintiff's employment ended with Defendant effective July 31, 2007.  All other material facts in the pleadings are contested.

4.      DISPUTED AND UNDISPUTED LEGAL ISSUES

Jurisdiction and venue are not disputed.  The following legal issues are disputed:

(1)      Whether Defendant was subject to and breached a statutory obligation to reasonably accommodate Plaintiff;

(2)      Whether Defendant was subject to and breached a statutory obligation to engage in a good faith interactive process with Plaintiff;

(3)      Whether Defendant discriminated against Plaintiff on the basis of his disability;

2

(4)     Whether Defendant acted with malice, oppression or fraud, thereby justifying punitive damages under California Civil Code §3294;

(5)     The extent to which Plaintiff suffered damages due to Defendant's alleged misconduct;

(6)     Whether Plaintiff made reasonable efforts to mitigate his claimed damages;

(7)     Whether Defendant's actions were taken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons;

(8)     Whether Plaintiff failed to exhaust his administrative remedies;

(9)     Whether provision of reasonable accommodation would have posed an undue hardship on Defendant's business;

(10)     Whether Plaintiff's claims are barred by Plaintiff's receipt of workers compensation benefits and execution of a compromise and release in the underlying Workers Compensation Appeals Board matter; and

(11)     Whether Plaintiff was unlawfully terminated or terminated for unsatisfactory job performance.

## IV.     Consent to the Magistrate Judge

Pursuant to 28 U.S.C. § 636 (c), the parties have consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

## V.     Discovery Plan and Cut-Off Date

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **June 26, 2009**.  The parties are ordered to complete all discovery pertaining to non-experts on or before **December 30, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **November 30, 2009**.  The parties shall also disclose all supplemental experts on or before

3

**December 15, 2009**.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **January 29, 2010**.  The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking expert designation and preclusion of expert testimony.

## VI.  Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **February 5, 2010.**  Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10.  **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d).  However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **April 2, 2010**, and heard in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.  In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

## VII.    **Pre-Trial Conference Date**

The pre-trial conference will be held on **May 6, 2010**, **at 9:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin.   The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Austin's chambers by email at gsaorders@caed.uscourts.gov.  The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

## VIII.    **Trial Date**

The trial will be held on **July 27, 2010, at 9:00 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

A.    This is a jury trial.

B.    Parties' Estimate of Trial Time: 5-7 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

## IX.    **Settlement Conference**

A Settlement Conference has not yet been scheduled.  The parties will contact the Magistrate Judge Gary S. Austin's clerk in the event they wish to schedule a settlement conference before another magistrate judge of this Court.  The clerk will then clear an available

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

1  date with either Magistrate Judge Dennis L. Beck or Magistrate Judge Sandra M. Snyder.  In

2  light of the foregoing, the following information is provided for future reference.

3        It should be noted that unless otherwise permitted in advance by the Court, **the attorneys**

4  **who will try the case** shall appear at the Settlement Conference **with the parties** and the person

5  or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

6                  CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

7        At least five (5) court days prior to the Settlement Conference the parties shall

8  submit, directly to the assigned magistrate judge's chambers by e-mail to either

9  dlborders@caed.uscourts.gov or smsorders@caed.uscourts.gov, a Confidential Settlement

10 Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor**

11 **served on any other party,** although the parties may file a Notice of Lodging of Settlement

12 Conference Statement  Each statement shall be clearly marked "confidential" with the date and

13 time of the Settlement Conference indicated prominently thereon.

14        The Confidential Settlement Conference Statement shall include the following:

15              A.  A brief statement of the facts of the case.

16              B.  A brief statement of the claims and defenses, i.e., statutory or other

17 grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

18 prevailing on the claims and defenses; and a description of the major issues in dispute.

19              C.  A summary of the proceedings to date.

20              D.  An estimate of the cost and time to be expended for further discovery,

21 pretrial and trial.

22

---

23      [2]  Insurance carriers, business organizations, and governmental bodies or agencies whose
24 settlement agreements are subject to approval by legislative bodies, executive committees, boards
   of directors or the like shall be represented by a person or persons who occupy high executive
25 positions in the party organization and who will be directly involved in the process of approval of
   any settlement offers or agreements.  To the extent possible the representative shall have the
26 authority, if he or she deems it appropriate, to settle the action on terms consistent with the
27 opposing party's most recent demand.

28                              6

E.  The relief sought.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

X.  **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have requested bifurcation as to punitive damages.

XI.  **Related Matters Pending**

The parties have indicated that there are no related matters.

XII.  **Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

XIII.  **Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **May 12, 2009**          _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE